No. 27,011.

THE STATE OF KANSAS, *Appellee*, v. FRANK HEINZ, *Appellant*.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Limitation of Prosecution—Concealing Fact of Crime*. Section 62-504 of the Revised Statutes does not apply where the fact that a crime has been committed is discovered the next day after its commission.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed July 10, 1926. Reversed.

*Maurice P. O'Keefe*, of Atchison, for the appellant.

*Charles B. Griffith*, attorney-general, *Roland Boynton*, assistant attorney-general, *George L. Brown*, county attorney, and *Lawrence F. Day*, of Atchison, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of the larceny of an engineer's transit of the value of more than $20.

The complaint on which the defendant was arrested was filed November 12, 1925. The information charged that the larceny had been committed on June 1, 1921. To avoid the statute of limitations, the information charged—

"That ever since the commission of the offense herein charged, the said defendant Frank Heinz concealed the fact of the crime, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

It is contended by the defendant that there was no evidence which tended to prove that he concealed the crime. There was evidence which tended to show that the larceny had been committed on February 23, 1921; that on the following day the transit was missed from the place in which it had been deposited and was not thereafter seen by anyone, except possibly the defendant, until about November 3, 1925, when it was found in his possession. He then claimed to have had it for forty years. On the stand he testified that he had bought the transit at a second-hand store in Kansas City from fifteen to seventeen years before it was stolen.

So far as material, section 62-504 of the Revised Statutes reads:

Criminal Law, 16 C. J. p. 230 n. 44.

State v. Heinz.

"If any person who has committed an offense . . . conceals the fact of the crime, the time of absence or concealment is not to be included in computing the period of limitation."

Did the evidence tend to show that the defendant concealed the fact that a crime had been committed? That fact was known the morning after the transit was taken. The circumstances revealed that it had been stolen. There was no concealment of that fact. The circumstances did not show who committed the crime. The defendant did not at any time state that he had committed it, and from the time the transit was taken until it was found he kept it secreted. But his secretion of the transit did not conceal the fact that it had been stolen.

In 16 C. J. 230 the writer says:

"Where the statute precludes accused from availing himself of the limitation in cases where he 'conceals the fact of the crime' it must appear, in order to prevent the limitation operating in his favor, that he concealed the fact of the crime, and not merely his connection with it, and that the concealment was the result of his positive affirmative acts, designed and calculated to prevent the discovery of the commission of the offense with which he is charged; mere silence and inaction are not enough."

Section 62-503 provides that a prosecution for grand larceny must be commenced within two years after its commission. This prosecution was not commenced for more than four years after the crime was committed. The evidence was not sufficient to prevent the statute of limitations from running.

The judgment is reversed, and the defendant is discharged.