No. 33,273

THE STATE OF KANSAS, *Appellee*, v. W. L. WATSON, *Appellant*.

(67 P. 2d 515)

Opinion filed May 8, 1937.

*H. W. Stubbs,* of Ulysses, and *Samuel Yaggy,* of Syracuse, for the appellant.

*Clarence V. Beck,* attorney general, *H. B. Sanders,* county attorney of Johnson county, and *Oscar E. Perkins,* of Elkhart, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The defendant, W. L. Watson, appeals from a conviction on a charge of embezzlement.

The first count of the information charged that on or about the 14th day of September, 1930, the defendant embezzled five hundred dollars and "that ever since the commission of the offense herein charged the said W. L. Watson has continuously concealed the fact of said crime."

The record shows that from January, 1929, to January, 1935, defendant was a duly elected, qualified and acting justice of the peace of Stanton township in Stanton county, Kansas. The dockets of defendant were introduced in evidence. In September, 1930, the case of the *State of Kansas v. Henry Dufield* was tried before the defendant as justice of the peace. The docket entry in that case seems full and complete. It recites the complaint filed against Dufield, charging possession and transportation of intoxicating liquor and use of a Hudson car for the purpose of transportation of such liquor. It sets forth the issuance and service of the warrant and seizure of the car, the plea of guilty, assessment of the fine, sale of the car, receipt of the amount of the fine, and the proceeds of the

sale of the car. The docket further shows the payment of the fees to the sheriff and county attorney.

At the trial the following admission was made by defendant:

"As to count number 1, the defendant admits the receipt of the $207.75 cash from the defendant Dufield in said case number 99, as shown by the exhibit just identified. Defendant likewise admits the receipt of $400 by check from or through said defendant Dufield, for the sale of the automobile involved in said case number 99. Defendant further admits that as yet he has failed to account to Stanton county for said money, and admits that he has never reported the collection of said fine to the county superintendent of Stanton county."

The original complaint was filed against the defendant on July 25, 1935, and the warrant was served on the same date. The information was filed on or about September 25, 1935.

Under the law of this state the prosecution for crime is commenced on the date the warrant is issued and placed in the hands of the officer for service. (*In re Clyne,* Petitioner, 52 Kan. 441, 35 Pac. 23; *State v. White,* 76 Kan. 654, 92 Pac. 829; *State v. Bowman,* 106 Kan. 430, 188 Pac. 242.)

Whenever a conviction shall be had before a justice of the peace, he shall make a certificate of such conviction, and if any fine has been collected, the amount and date thereof, and such certificate shall be filed within twenty days after such conviction in the office of the county clerk of that county. (G. S. 1935, 63-502.) Fines collected by the justice of the peace shall be paid to the county treasurer within thirty days from the date of the receipt of such fine. (G. S. 1935, 63-503.) Each justice of the peace shall report to the county superintendent on the first day of March and on the twenty-fifth day of July of each year the amount received from the proceeds of fines during the six months preceding, and at that time pay over the proceeds remaining in his hands to the county treasurer. (G. S. 1935, 72-2403.)

Our statute, G. S. 1935, 62-503, specifies that the prosecution must be commenced within two years after the commission of the crime.

While the statute provides that all money collected by a justice of the peace shall be paid to the county treasurer within thirty days from date of the receipt thereof, it does not make the failure to pay on such date a criminal act. To constitute embezzlement there must be a criminal intent, and it cannot be said that the mere failure to pay over the money on the date commanded by the statute would show the intent by the defendant to embezzle the money and

convert the same to his own use. But the failure to pay over the money is a strong circumstance to show conversion. The record shows that the defendant was familiar with the statutory duty to pay the money to the county treasurer, and that he had done so in other cases. In the recent case of *State v. Evans*, 143 Kan. 29, 53 P. 2d 789, it was stated:

"It is the law that the crime of embezzlement is committed when one who is entrusted with the money or property of another fails to have it forthcoming on the lawful demand of the person to whom it belongs." (p. 31.)

In this case the record shows defendant received the money in September, 1930, and that it has never been paid to the county treasurer. Under the facts in this case we think the offense was committed when the defendant failed to pay over the money at the time required by law, which was in October, 1930.

The prosecution is barred by the statute of limitations unless saved by the provisions of G. S. 1935, 62-504, which provides that if any person who has committed an offense "conceals the fact of the crime," the time of such concealment is not to be included in computing the period of limitation.

The statute requires concealment, not mere nondisclosure. Concealment is any statement or conduct which prevents another from acquiring knowledge of a fact. Nondisclosure is a failure to reveal facts, and may exist when there is no concealment. To constitute concealment it must appear that the statements or conduct of the accused was calculated and designed to prevent discovery of the crime with which he is charged; mere silence, inaction or nondisclosure is not enough. (*State v. Heinz*, 121 Kan. 547, 247 Pac. 631; *State v. Wingett*, 136 Kan. 436, 16 P. 2d 486; *State v. Taylor*, 140 Kan. 663, 38 P. 2d 680.)

The defendant stands charged with the embezzlement of the money received by him in the Henry Dufield case. A full history of that case was spread on the docket kept by the accused. A justice of the peace is a public officer and his docket is a public record. The county attorney and the sheriff received fees in the Dufield case and were familiar with the fact of the payment of the money to the defendant. The record is silent as to any statement or act by defendant which would tend to show concealment of the conversion of the money. The mere failure to file a certificate of conviction with the county clerk, or to pay over the money to the county treasurer or to the county superintendent would not show

concealment within the meaning of the statute. There is nothing in the record before us to toll the statute.

The judgment is reversed with instructions to discharge the defendant.

HARVEY and WEDELL, JJ., dissenting.