No. 51,251

STATE OF KANSAS, *Appellant,* v. DAVID EUGENE GAINER, *Appellee.*

(608 P.2d 968)

Opinion filed April 5, 1980.

*Janice D. Russell,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, were with her on the brief for the appellant.

*Scott Harrison Kreamer,* of Breyfogle, Gardner, Davis & Kreamer, of Olathe, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The State appeals from the court's dismissal of a charge of theft (K.S.A. 21-3701[a]) following the preliminary hearing. Such appeals by the prosecution are authorized by K.S.A. 1979 Supp. 22-3602(b)(1). The facts may be summarized as follows:

On April 30, 1979, Mrs. Agnes Knipper called the police department and reported that a young man was carrying a concealed weapon and had just left her store. She told the officers that

he had a gun tucked into his belt underneath his shirt. She gave the officers a complete description of the young man, including a description of his car and the license number. Acting on this information, the officers stopped a car driven by the defendant, David Eugene Gainer. During the consent search of the car, officers seized two pistols in shoulder holsters.

Subsequent investigation revealed that the guns belonged to Edward Stumpff. According to Mr. Stumpff, the guns had been stored in his attic, and the last time he had seen the guns prior to April 30, 1979, was approximately three years before. He had given no one permission to remove the guns from his attic.

The defendant took the stand and testified that he had grown up next door to Mr. Stumpff and that he was a friend of Mr. Stumpff's son, John. According to the defendant's testimony, he took the guns from the Stumpff's attic in January of 1977. When John went downstairs for some firewood, defendant threw the guns out the window into the bushes in the backyard. Defendant later retrieved the guns and hid them in his own attic. After approximately six months he used the guns as his own.

The defendant testified that he was born on November 20, 1959, and was only seventeen years old when he took the guns.

In dismissing the charge of theft the trial court ruled that the theft occurred in January, 1977, when defendant removed the guns from his neighbor's attic. The theft charge was filed in April, 1979. The trial court ruled, however, that defendant concealed the crime for a period of six months by hiding the guns in his attic. The trial court held that the two year statute of limitations was tolled for six months and that the information, filed on May 1, 1979, was timely. The trial court held, however, that the case must be dismissed and referred to the juvenile authorities because the defendant was only seventeen when the crime was committed in January, 1977.

The State appeals contending the theft in this case was a "continuing offense" and as such was not completed so long as defendant retained possession of the stolen guns. The State further contends that since defendant continued to possess the stolen guns after he turned eighteen he was properly charged as an adult because the continuing offense was still being committed when the arrest was made.

The defendant was charged with theft pursuant to K.S.A. 21-3701(a) which reads as follows:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of his property:
"(a) Obtaining or exerting unauthorized control over property;"

The State's position is that the statutory prohibition against "[o]btaining or exerting unauthorized control over property" includes within its proscription the continued unauthorized possession of the property after the initial theft. The State cites no authority to support this rather inventive theory.

The concept of continuing offenses is essentially a legal fiction. Fictions are usually avoided in the criminal law. Perkins on Criminal Law, p. 263 (2nd ed. 1969). The courts have taken a very limited view of those crimes which constitute continuing offenses. Conspiracy is the most frequent example of a continuing offense. See Perkins on Criminal Law, p. 635. The continuing offense doctrine is usually advanced by the prosecution to avoid the running of the statute of limitations. The leading case on this point is *Toussie v. United States,* 397 U.S. 112, 115, 25 L.Ed.2d 156, 90 S.Ct. 858 (1970), where the court states the following rule:

"These principles indicate that the doctrine of continuing offenses should be applied in only limited circumstances since, as the Court of Appeals correctly observed in this case, '[t]he tension between the purpose of a statute of limitations and the continuing offense doctrine is apparent; the latter, for all practical purposes, extends the statute beyond its stated term.' 410 F.2d at 1158. These considerations do not mean that a particular offense should never be construed as a continuing one. They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."

Essentially the federal approach to continuing offenses was adopted by the drafters of our statute relating to time limitations in criminal cases. K.S.A. 21-3106. The statute reads:

"(1) *A prosecution for murder may be commenced at any time.*
"(2) *Except as otherwise provided in this section, a prosecution for all other crimes must be commenced within two (2) years after it is committed.*
"(3) The period within which a prosecution must be commenced shall not include any period in which:
"(a) The accused is absent from the state;
"(b) The accused so conceals himself within the state that process cannot be served upon him;
"(c) The fact of the crime is concealed;

"(d) A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal.

"(4) *An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing offense plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.*

"(5) A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution: *Provided,* That no such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay." Emphasis supplied.

Although paragraph (4) of this statute is somewhat awkwardly stated the meaning is understandable. All criminal offenses, except those considered continuing offenses, are committed when every act which is an element of the offense has occurred. Continuing offenses are committed when the course of prohibited conduct, or the accused's complicity therein, has terminated. To constitute a continuing offense it must plainly appear in the statute defining such offense that there is a clear legislative purpose to make the prohibited course of conduct a continuing offense.

The State contends a legislative intent appears to make the exertion of unauthorized control over the property a continuing offense. It insists that the use of the words "[o]btaining or exerting unauthorized control" in the statute establishes that intent. The statutory definition of these words would seem, however, to belie that interpretation. K.S.A. 1979 Supp. 21-3110(12) reads as follows:

"The following definitions shall apply when the words and phrases defined are used in this code, except when a particular context clearly requires a different meaning.

. . . . .

"(12) 'Obtains or exerts control' over property includes but is not limited to, the taking, carrying away, or the sale, conveyance, or transfer of title to, interest in, or possession of property."

We do not agree that a continuing offense was intended by the legislature when it defined the crime of theft. The use of the words "[o]btains or exerts control" was for the purpose of consolidating what were formerly the crimes of larceny and embezzlement into a single crime of theft. See the Judicial Council note following K.S.A. 21-3701.

That section of our criminal code was drafted after examining the Illinois Criminal Code, 16-1 and the Model Penal Code, 223.1 as indicated in the Judicial Council note following the statute. In *People v. Steinmann,* 57 Ill. App. 3d 887, 373 N.E.2d 757 (1978), the Illinois court held that its theft statute did not make "exerting unauthorized control over the property" a continuing offense.

After considering the above authorities we hold the crime of theft by obtaining or exerting unauthorized control over property with intent to deprive the owner permanently of the possession, use or benefit of his property as proscribed in K.S.A. 21-3701(*a*) is not a continuing offense.

Our next question concerns a provision in the statute of limitations for criminal actions, K.S.A. 21-3106(3)(*c*). That paragraph of the statute provides that the period within which a criminal action may be filed does not include any period of time during which "the fact of the crime is concealed." The State contends and the trial court held that since the defendant hid the guns in his own attic for six months the hiding of the guns tolled the statute of limitations and the prosecution was commenced within time. However, this case was dismissed anyway because defendant was under the age of eighteen years when he committed the crime.

The statute itself provides it is tolled during any period in which "[t]he fact of the crime is concealed." Similar language in our former statute, G.S. 1935, 62-504, was considered in *State v. Watson,* 145 Kan. 792, Syl. ¶ 1, 67 P.2d 515, 110 A.L.R. 998 (1937), in which it was held:

"The concealment of the fact of a crime which suspends the operation of the statute of limitations must be the result of positive acts done by the accused and calculated to prevent the discovery that the offense has been committed. Mere silence, inaction or nondisclosure is not concealment."

Hiding or disposing of the property stolen does not constitute concealment of the fact of the crime as contemplated in the statute. To hold otherwise would extend the statute of limitations beyond its stated term in practically every case of theft and this would lead to uncertainty in an otherwise certain provision of the statute of limitations. Concealment of the fact of the crime refers to concealment of those criminal acts which constitute the crime. Hiding or disposing of the property stolen does not constitute concealment of the fact of the crime. To constitute concealment

of the fact of the crime of theft sufficient to toll the statute of limitations there must be a positive act done by or on behalf of the accused calculated to prevent discovery of the theft by those owning or having possession of the property before the theft. Mere silence, inaction, nondisclosure, or disposal of the stolen property is not concealment of the fact of the crime as contemplated in K.S.A. 21-3106(3)(c).

Accordingly, on April 30, 1979, when defendant was discovered in possession of the stolen guns, the two year statute of limitations had run against the crime of theft. The crime had been committed in January, 1977. The district court was correct in dismissing the criminal charges, although it did so for the wrong reason.

Judgment dismissing the case is affirmed.

HERD, J., dissenting.