No. 57,706

STATE OF KANSAS, *Appellant*, v. DAVID L. MILLS, *Appellee*.

(707 P.2d 1079)

Opinion filed October 25, 1985.

*Edwin A. Van Petten*, special prosecutor, of Eskridge, argued the cause and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

*Bill Baldock*, of Alma, argued the cause and·was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal from a Pottawatomie District Court judgment dismissing a special prosecutor's information that charged David L. Mills with enticement of a child in violation of K.S.A. 21-3509. The district court, in a pretrial ruling upon a motion filed by Mills, dismissed the charge, finding that the action was barred by the statute of limitations, K.S.A. 21-3106.

The facts in the case are not disputed. In July of 1979, the defendant, David L. Mills, stopped at the home of his friend, Jerry Lynn Medley. The victim, a 10-year-old boy, was staying with Medley. The three persons got into Mills' pickup truck and drove to a secluded area where both men began fondling the genital area of the minor victim. Shortly thereafter the three returned to Medley's home. There is no showing that Mills ever had any further contact with the boy although Medley evidently continued his relationship with the victim.

The defendant was originally charged on August 16, 1984, with taking indecent liberties with a child (K.S.A. 1984 Supp. 21-3503). An amended complaint filed October 12, 1984, added the charge of enticement of a child (K.S.A. 21-3509), and on this

same date the indecent liberties charge was dismissed. During the hearing upon defendant's motion to dismiss, the transcript of the preliminary hearing was submitted to the court. The victim testified at the preliminary hearing that he had not reported the incident earlier because he feared being called homosexual. Further testimony revealed that Medley had told the victim on several occasions that people might think he was homosexual if he divulged the occurrences. It was the State's theory that Medley's statements constituted threats leading to concealment of the crime, and that this concealment should also be attributed to Mills.

The sole issue raised on appeal is whether the statute of limitations was tolled by the concealment of the crime through the unsolicited acts and statements of a third party. In considering the issue presented we will assume, arguendo, that the acts of the third party, Medley, amounted to concealment.

At common law there was no time limitation for prosecuting a criminal offense. 21 Am. Jur. 2d, Criminal Law § 223. In Kansas this common-law rule is altered by the terms of K.S.A. 21-3106, which provides in pertinent part:

"21-3106. Time limitations. (1) A prosecution for murder may be commenced at any time.

"(2) Except as otherwise provided in this section, a prosecution for all other crimes must be commenced within two (2) years after it is committed.

"(3) The period within which a prosecution must be commenced shall not include any period in which:

. . . .

"(c) The fact of the crime is concealed."

Statutes of limitation are favored by the law and are to be construed liberally in favor of the accused and against the prosecution and exceptions to the statute are to be construed narrowly, or strictly, against the State. 22 C.J.S., Criminal Law § 224.

The statute has been considered and construed upon a number of occasions. *State v. Gainer,* 227 Kan. 670, 608 P.2d 968 (1980); *State v. Watson,* 145 Kan. 792, 67 P.2d 515 (1937), and cases cited therein. In *Watson,* a case involving embezzlement, we held:

"The concealment of the fact of a crime which suspends the operation of the statute of limitations must be the result of positive acts done by the accused and

calculated to prevent the discovery that the offense has been committed. Mere silence, inaction or nondisclosure is not concealment." Syl. ¶ 1.

*Gainer* involved the theft of guns which had been stolen by the defendant from a neighbor's house. The defendant concealed the weapons in his own house for several months before using them as his own. The State contended this hiding of the stolen property constituted concealment within K.S.A. 21-3106(3)(c). We rejected the argument and held:

"To constitute concealment of the fact of the crime of theft sufficient to toll the statute of limitations there must be a positive act done by *or on behalf of* the accused calculated to prevent discovery of the theft by those owning or having possession of the property before the theft. Mere silence, inaction, nondisclosure, or disposal of stolen property is not concealment of the fact of the crime as contemplated in K.S.A. 21-3106(3)(c)." 227 Kan. 670, Syl. ¶ 5. (Emphasis added.)

The State contends that the phrase *"or on behalf of"* expands the rule of *Watson* and that in the instant case the subsequent statements of Medley amounted to a concealment "on behalf of" Mills. We think not. Assuming that action by a third party could constitute concealment, there must be some positive action by the accused along with a direct connection between the accused and the third party which results in the concealment. There is no showing here that Mills sought to have Medley make the statements to the victim, or that the statements were made by Medley on behalf of Mills.

The State correctly notes that child sexual abuse is a very delicate area of the law and asks that we apply a different rule to crimes against persons than that adopted for crimes involving property. It is not the province of the court to fashion exceptions to the statute of limitations as that task is left to the legislature. Statutes of limitation are measures of public policy, "and are entirely subject to the will of the legislature." 22 C.J.S., Criminal Law § 224, p. 577.

The district court was correct in dismissing the action. The appeal of the State is denied and the judgment affirmed.