No. 57,689

STATE OF KANSAS, *Appellee*, v. QUINTIN R. BENTLEY, *Appellant*.

(721 P.2d 227)

Opinion filed June 13, 1986.

*Carl N. Kelly*, of Wichita, argued the cause and was on the brief for the appellant.

*Neal B. Brady*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: The defendant, Quintin Bentley, was convicted of two counts of indecent liberties with a child (K.S.A. 21-3503). The issue on appeal concerns the criminal statute of limitations (K.S.A. 21-3106) and whether a threat to a child not to tell anyone what the defendant had done constitutes concealment and tolls the running of the statute of limitations.

In an unpublished opinion filed January 9, 1986, the Kansas Court of Appeals reversed the defendant's convictions and held a threat to a child does not constitute concealment. The basis of the opinion is that it is not within the province of the court to fashion exceptions to the statute of limitations; that is left to the legislature. The Court of Appeals stated to hold a threat consti-

tuted concealment would result in extending the two-year limitation in nearly every case of indecent liberties because threats are commonplace in sexual assaults on children. We granted the State's petition for review.

The facts of the incidents are not in dispute. The victim's parents were divorced and the incidents occurred while she was visiting her father on the weekend. The defendant, the victim's uncle, slept in his car at the victim's father's address. Both incidents occurred when the victim was nine years old. The defendant admitted the two incidents had occurred.

The first incident occurred when the victim was taking a bath at her father's house at 1430 S. Seneca, Wichita, Kansas. Her father wasn't home, but her brothers and the defendant were. Her brothers were watching television. The defendant came into the bathroom, fondled and touched her and made her touch him. The defendant heard the victim's father's car pull into the driveway and pulled up his pants. In a mean voice, he threatened her not to tell anybody, and if she did, he would try to do it again. He also said if she told her father, he would tell her father that her brothers had come into the bathroom while she was in there, which was against her father's privacy rule. When asked why she didn't tell her father, the victim replied she didn't want the defendant to do it again.

The second incident also occurred when her father was not home. The victim and her brothers were outside playing soccer when the defendant called her into the house. She went in to change her clothes and the defendant came into the bedroom and fondled and touched her. When her father started to come into the house, the defendant pulled up his pants and left the bedroom.

One day the victim, her brothers, and her mother were in their car and ran out of gas. As they were walking home they passed three boys whom the victim thought were laughing at them and she became frightened. When they got home, her mother asked her what was wrong and she eventually told her what the defendant had done.

While the facts are not in dispute, the times that the incidents occurred are. The charges against the defendant were filed on March 7, 1984. Therefore, to be within the two-year statute of

limitations, the two incidents must not have occurred before March 7, 1982.

The victim stated the first incident happened in the summer or after school had started, and the second incident happened two or three months after the first incident. The complaint stated the first incident occurred between June and September of 1982, and the second incident occurred during September 1982. However, at trial the victim testified that both incidents occurred at her father's house at 1430 S. Seneca. Her father moved from that address on April 16, 1982. At the time of the first incident, the victim testified she lived with her grandmother; she lived there before her mother remarried on February 11, 1982. That would place the first incident before March 7, 1982, and outside the statute of limitations by a count of 24 days. However, the victim also testified that at the time of the first and second incidents she lived on 9th Street; she moved to that address on February 27, 1982. That would place both incidents between February 27, 1982, and April 16, 1982, possibly within or without the statute of limitations.

In a trial to the court, the court found by a preponderance of the evidence that Count I occurred prior to February 11, 1982. However, the trial court had a reasonable doubt whether Count II occurred on or before March 7, 1982. Briefs were prepared and arguments were heard on whether the defendant's threat to the child tolled the criminal limitations statute. The trial court ruled the defendant's threats were calculated to prevent discovery of the crimes and, therefore, the threats constituted concealment which tolled the statute of limitations, making the charges against the defendant timely filed. The defendant was convicted on both counts of indecent liberties with a child.

As to Count I, the defendant argues on appeal the threat does not constitute concealment. As to Count II, the defendant argues no threat was made at the second incident.

As a general rule, statutes of limitation are favored by the law and are to be construed liberally in favor of the accused and against the prosecution. Exceptions to the statute are to be construed narrowly, or strictly, against the State. *State v. Mills,* 238 Kan. 189, 190, 707 P.2d 1079 (1985).

Pursuant to K.S.A. 21-3106, prosecutions for crimes other than murder must be commenced within two years of the commission of the crime. However, there are exceptions to that two-year time

limit. The period within which prosecution must commence does not include any period in which the fact of the crime is concealed. K.S.A 21-3106(3)(c).

Cases construing this exception to the statute of limitations have involved charges of embezzlement or theft. The rule established in these cases is that the statute refers to acts of concealment preventing discovery of the fact that crime was committed, which must be unconnected with the fact the accused was the perpetrator. *In re Stewart*, 60 Kan. 781, 57 Pac. 976 (1899). Concealment of the facts of the crime refers to concealment of those criminal acts which constitute the crime. *State v. Gainer*, 227 Kan. 670, 608 P.2d 968 (1980). To constitute concealment, it must appear the accused's statements or conduct was calculated and designed to prevent discovery of the crime with which he or she is charged; mere silence, inaction or nondisclosure is not enough. Nondisclosure is the failure to reveal facts, while concealment is any statement or conduct which prevents another from acquiring knowledge of a fact. *State v. Watson*, 145 Kan. 792, 794, 67 P.2d 515 (1937).

Where the defendant hid stolen property and then later used that property as his own, this court ruled those actions did not constitute concealment. See *State v. Gainer*, 227 Kan. 670; *State v. Heinz*, 121 Kan. 547, 247 Pac. 631 (1926). However, where the defendant misrepresented facts, failed to produce documents requested by the court, verified false statements, or failed to advise a party when the defendant had a duty to advise, this court ruled these actions did constitute concealment. See *State v. Grauerholz*, 232 Kan. 221, 228, 654 P.2d 395 (1982); *State v. Taylor*, 140 Kan. 663, 38 P.2d 680 (1934); *State v. Wingett*, 136 Kan. 436, 16 P.2d 486 (1932); *State v. McGinley*, 129 Kan. 655, 284 Pac. 384 (1930).

In *State v. Mills*, 238 Kan. 189, two men, Mills and Medley, fondled a ten-year-old boy in July of 1979. On several occasions, Medley told the boy people might think he was homosexual if he told anyone what happened. Charges against Mills were brought in 1984, and the State argued Medley's threats against the boy constituted concealment which was attributable to Mills. For the sake of argument, the Supreme Court assumed Medley's threats constituted concealment. However, because there was no showing that Mills solicited Medley to make the threats, or that

Medley made the statements on Mills' behalf, the court ruled there was no concealment by Mills and the charges were not timely filed.

In *Mills*, we assumed statements made to the victim by the perpetrator constituted concealment; today we must decide that issue. Here, after the first incident, the defendant threatened his nine-year-old niece that if she told anybody what he had done he would try to do it again and he would tell her father she violated the privacy rule. The defendant argues the threat did not constitute concealment because he had no control over the child and couldn't prevent her from revealing the incident.

The defendant cites *State v. Danielski*, 348 N.W.2d 352 (Minn. App. 1984), to support his argument that the element of control exerted by the abuser over the child is an essential element in concealing the crime of indecent liberties with a child. There, two essential elements of the crime with which the victim's stepfather was charged were the defendant held a position of authority over the victim and he used that authority to coerce the victim to submit. After he abused his stepdaughter, the defendant would ground her and deny her phone privileges. The victim told her mother what the defendant had done. Her mother did nothing and even participated with the defendant in sexually abusing the child. The victim told her boyfriend and doctors what the defendant had done, but they took no action. It wasn't until the victim was sixteen and went to stay with her natural father that someone reported the abuse. The victim told her stepmother, who told the victim's father and charges were filed 26 days after the Minnesota statute of limitations had run. The Minnesota court found that the defendant's continuing coercive control over the victim made the offense a continuing one; one that wasn't complete when the act constituting the sexual crime was complete. The court ruled the statute of limitations had not begun to run until the victim was no longer subject to the defendant's authority, *i.e.*, when she went to stay with her father. *Danielski* does not stand for the proposition defendant states. The Minnesota statute of limitations has no provision similar to the one in issue in the instant case. The court did not require control over the victim as an element of concealment in order to toll the statute of limitations. Rather a position of authority and use of that authority over the child were essential elements of the

crime charged. As long as the victim remained under the defendant's authority, the statute of limitations did not begin to run.

Sexual abuse of children, by its very nature, is done in secrecy. Because the child is typically the only witness, the child must disclose the facts of the crime for the crime to be discovered. Clearly, defendant's threats were made to intimidate his niece, to prevent her from telling anybody what he had done. Although the defendant was her uncle and a close relative, he did not live in her father's home. Furthermore, her father had visitation rights every other weekend. The victim knew the crime had been committed as soon as it occurred. Crimes against persons, by their very nature, cannot be concealed. Other people may not know a crime has occurred, but the victim necessarily knows that a crime has been committed. On the facts in this case, we cannot equate a threat made to a child victim with concealment of a crime. Even assuming this court recognized control over a child victim as bearing upon the fact of concealment, as the Minnesota Court of Appeals did in *State v. Danielski*, 348 N.W.2d 352, the uncle's ability to control the child victim in this case was too remote for recognition.

Threats, as this case demonstrates, are an effective way to keep child victims from reporting sexual offenses. They are commonplace in the aftermath of a sexual assault on a child. Therefore, the practical effect of construing a threat to a sexually abused child as concealment would be to extend the statute of limitations beyond its stated two-year period in nearly every case of this nature. Where would it end—upon the child attaining the age of majority?

In light of the law that requires statutes of limitation to be liberally construed in favor of the accused, we cannot interpret K.S.A. 21-3106 (3)(c) to include threats to the child victim as concealment of the crime. See *State v. Gainer*, 227 Kan. at 674.

While we are sympathetic to the State's arguments in this case, it is not the province of this court to fashion exceptions to the statute of limitations; that task is left to the legislature. Statutes of limitation are measures of public policy and are entirely subject to the will of the legislature. *State v. Mills*, 238 Kan. 189.

The judgment of the trial court is reversed, and the decision of the Court of Appeals is affirmed. The trial court is ordered to discharge the defendant.

HERD, J., dissenting: The appellant, Quintin R. Bentley, committed the sordid acts of taking indecent liberties with his nine-year-old niece. After committing the offenses he angrily told her not to tell anyone or he would do it again. To fully appreciate the significance and force of such threats, it must be remembered that the child was terror stricken by the acts committed on her by an adult she knew and trusted and who was an authoritarian figure to her. The threats were as if Bentley had threatened her life. Thus, she did not let anyone know of the offenses committed on her until March of 1984.

It was unclear when the offenses were committed but the trial court found the appellant's threats were made to prevent discovery and therefore constituted concealment. Under K.S.A. 21-3106(3), if the facts of the crime are concealed, the two-year statute of limitations is tolled. Accordingly, the trial court found this action was not barred by the two-year statute of limitations.

The majority in affirming the Court of Appeals' reversal of the trial court, reasons, "Crimes against persons, by their very nature, cannot be concealed." Thus Mafia activities and child molestations concealed by threat are barred by the statute of limitations while the statute is tolled by concealment of crimes against property. Further, the majority notes, "Other people may not know a crime has occurred, but the victim necessarily knows that a crime has been committed." This reasoning is faulty. It fails to take into account the special circumstances of child molestation cases. A nine-year-old victim does *not* "necessarily know" that the acts of a trusted uncle constitute a crime. As in most indecent liberties cases, the victim was quite young, naive and trusting. Though horrified by her uncle's actions and threats she did not realize until much later the offenses committed against her constituted a crime punishable at law.

K.S.A. 21-3106 provides the two-year statute of limitations is tolled during any period in which "the fact of the crime is concealed." In *State v. Watson*, 145 Kan. 792, 794, 67 P.2d 515 (1937), we considered similar language in our former statute (G.S. 1935, 62-504) and defined concealment as follows:

"Concealment is any statement or conduct which prevents another from acquiring knowledge of a fact. . . . To constitute concealment it must appear that the statements or conduct of the accused was calculated and designed to prevent discovery of the crime with which he is charged; mere silence, inaction or nondisclosure is not enough."

See also *State v. Gainer*, 227 Kan. 670, 674, 608 P.2d 968 (1980). Thus, we can see the word "concealed" is self-defining. It is any statement or conduct, *i.e.*, any action, on the part of an accused which is calculated or designed to prevent discovery of the crime.

The actions of the appellant in this case clearly fit the definition of concealment. This statute needs no further construction. The appellant's statements to his victim were calculated to prevent her from revealing his criminal actions. The victim's lips were sealed by Bentley's threats as surely as if he had physically restrained her. I would follow *Watson* and hold that concealment obtained by the statements and conduct of threatening a child with bodily harm is the type of concealment contemplated by the statute.

The majority is "sympathetic" to the State's argument, but would rather leave it to the legislature to fashion exceptions to the statute of limitations. This shirks our responsibility. We need not call upon the legislature for help; statutory construction is the function of the judiciary. Bentley's conduct in this case comes within the concealment exception to the two-year statute of limitations and is consistent with previous interpretations of that statute by this court. Obviously the legislature did not intend to make crimes against property more serious than crimes against persons, particularly crimes against children.

I strongly disagree with the majority's holding and would reverse the Court of Appeals and affirm the trial court.