STATE OF TENNESSEE, Plaintiff in Error,

*v.*

W. A. COMSTOCK, C. P. COLEMAN and HARRY SAUER,
Defendants in Error.

(*Nashville,* December Term, 1958.)

Opinion filed July 27, 1959.

THOMAS E. FOX, Assistant Attorney General, for the State.

BALLON & FARRAR, Memphis, for W. A. COMSTOCK.

EDWARD P. A. SMITH, Memphis, for C. P. COLEMAN.

CHANDLER, MANIRE & CHANDLER, E. WILLIAM HENRY, Memphis, for HARRY SAUER.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

There is a preliminary motion to strike certain alleged parts of the transcript but in view of the dispositon we make of the case, we deem it unnecessary to encumber the opinion with further reference to said motion.

As we view the matter there is only one determinative question. Counsel for the State and for the defendants

in error, however, have discussed at length the meaning of a statute and for this and other reasons that will appear hereafter, we deem it advisable after stating the factual situation to refer briefly to the statute discussed and a related one.

These three parties were indicted on September 3, 1957, (May 1957 Term of the Shelby County Criminal Court) for a conspiracy to commit usury on September 10, 1956. This indictment, No. 77201, was quashed upon the State's motion on December 19, 1958.

In the meantime another indictment, No. 81438, was returned against these parties on December 12, 1958 (September 1958 Term of the Court). This indictment was sent back to the grand jury on January 6, 1959, by order of the court to be corrected so that the indictment would allege the commission of the offense on September 10, 1956, rather than on the ———— day of September, 1956, and the grand jury corrected it on that day.

Counsel for these parties then made a motion to quash this second indictment on the ground that the offense charged was a misdemeanor and that the statute of limitations barred the prosecution of said offense because the indictment showed that it was committed more than two years prior to the date on which the indictment was returned and said motion was sustained by the trial judge.

The State has appealed and assigned error. Both the State and the defendants in error rely on T.C.A. sec. 40-207, which reads as follows:

"*Suspension of statute because of irregularities in prosecution.*—When the judgment is arrested, or the

indictment or presentment quashed for any defect therein, or for the reason that it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, or when the prosecution is dismissed because of a variance between the allegations of the indictment or presentment and the evidence, *and a new indictment* or presentment *is ordered to be preferred,* the time elapsing between the preferring of the first charge, indictment or presentment and the next subsequent term of court must be deducted from the time limited for the prosecution of the offense last charged.''

It is our opinion that this statute is not applicable for two reasons:

(1) The first indictment had not been quashed before another indictment was brought; and

(2) The judge did not order a new indictment to be preferred—the second indictment was brought, insofar as the record shows by inference, simply on the initiative of the district attorney general.

The next section T.C.A. sec. 40-208 reads as follows:

*"Suspension on reversal.*—When an indictment or presentment is quashed, or the proceedings on the same are set aside, or reversed on writ of error, the time during the pendency of such indictment or presentment so quashed, set aside or reversed, shall not be reckoned within the time limited by this chapter, so as to bar any new indictment or presentment for the same offense.''

These two Code sections obviously originated with the Code of 1932 and apparently the first section above

quoted was enacted to qualify the ruling made in *Hickey v. State,* 1915, 131 Tenn. 112, 174 S.W. 269. In that case there was a recommittal of the matter to the grand jury *by the court* and the court ruled that the time during which the first indictment was pending until the second indictment was found was to be deducted in computing the statute of limitations.

■ Where, however, as in this case, the factual situation is simply that the first indictment is brought within the period of one year from the commission of the offense as required by the statute, T.C.A. sec. 40-204, and a second indictment is brought on the initiative of the attorney general, the second above quoted section would be applicable and the time during which the first indictment was pending would toll the statute of limitations.

It is difficult to see how these two statutes could be construed any other way and a reference to the discussion in 22 C.J.S. Criminal Law sec. 237, p. 367, and note 74 as well as the discussion in 90 A.L.R. beginning on page 459, strongly support this view.

■■ We are of opinion, however, that the trial judge reached the right result when he quashed the second indictment, because on its face the prosecution appears to be barred by the lapse of more than twelve months and we think the rule stated in *State v. Shaw,* 113 Tenn. 536, 82 S.W. 480, is still the rule in this State that where the indictment is brought after the period of limitations has expired, it must be pleaded and proved that certain specific facts toll the statute of limitations. See also *State v. House,* 1877, 2 Shan.'s Tenn.Cas. 610.

Judgment affirmed.