STATE of Tennessee, Appellee,

v.

Timmy W. HIX and Judy Hix, Appellants.

No. 83–99–III.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 29, 1984.

J.H. Reneau, III, Celina, for appellants.

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Tom P. Thompson, Dist. Atty. Gen., Hartsville, for appellee.

## OPINION

DWYER, Judge.

The appellants, a husband and wife, appeal as of right their convictions for assault and battery and child abuse, T.C.A. § 39–4–401. The jury fixed their punishment at confinement for one year on the assault and battery offense and eleven months and twenty-nine days on the child abuse charge.

The appellants question the sufficiency of the evidence to sustain their convictions; this issue will be evaluated first. The appellants, Timmy and Judy Hix, resided in Macon County with their son, who was six weeks old at the time of the events from which this prosecution arose. On or about January 23, 1981, they left their son with his paternal grandmother, Ruthie Hix, who kept the baby while the appellants did their laundry. The baby cried constantly, and Ruthie wanted to take him to a doctor. She did not do so, however, because she was afraid the appellants might not like it. A week later, on or about January 30, 1981, the baby was again left in his grandmother's care and once again cried incessantly. When Ruthie asked what was wrong, Judy replied that she did not know unless something happened to the baby while she was

changing him. Ruthie told the appellants to take the child to a doctor. The appellants took the baby to Macon County Hospital, and he was transferred to Vanderbilt Medical Hospital the same day.

A neighbor of the appellants testified that she saw the baby on January 30, 1981, and the baby looked fine and was not crying. About a week to ten days prior to that, however, the child was at her home and cried most of the night. As a result of this, she told the appellants that the baby might be sick.

Dr. Paul Byrd examined the child when he was brought to the Macon County Hospital. X-rays revealed a fracture to the left thigh bone and two or three broken ribs. The rib fractures were a week to ten days old and the thigh bone fracture appeared fresh. Dr. Byrd testified that, in his opinion, the injuries were consistent with child abuse and inconsistent with the baby being rolled off a bed or mashed while in bed. On cross-examination the doctor stated that, aside from the injuries, the baby appeared to be healthy, clean and well cared for.

A counselor with the Macon County Department of Human Services testified that she viewed the baby in the emergency room at Macon County Hospital. She noticed that the baby cried whenever he was moved. She also observed two small bruises on either side of the infant's spine, a bruise on his right foot, a scratch on his nose and other spots on his back which could possibly have been bruises. Other than those injuries, the child appeared to be clean and well fed. The witness spoke with the appellants at the emergency room and questioned them regarding the injuries. Judy stated that she might have rolled over on the baby in bed or pulled him across the bed to change his diapers. On a later occasion, Timmy told the witness that Judy may have rolled over on the baby, and Judy stated that Timmy might have injured the infant by pitching him up in the air while playing with him.

Dr. Paul Griffin, a specialist in pediatric orthopedics, testified that he examined the baby after he was taken to Vanderbilt Medical Hospital. His examination confirmed Dr. Byrd's findings. The rib fractures could only have been caused by a very sharp direct blow to the posterior of the chest wall near the spine or by a violent squeeze directly to the ribs. It was his opinion that this type of fracture could not have resulted from any cause other than child abuse. The injury to the thigh bone would have been nearly impossible to get without a direct severe blow or a direct severe rotation of the leg. Summed up, the doctor's testimony virtually ruled out any possibility that these injuries were caused accidentally. Dr. Griffin described the reaction of the parents as unusual because they did not seem concerned as to their child's present or future condition. The doctor also related that at one point the appellants told him that Timmy might have rolled over on the baby.

The appellants offered no proof.

In their attack on the sufficiency of the evidence, the appellants contend that the State failed to prove that either or both of them assaulted the child or that the child's injuries resulted from a criminal act. The State counters by pointing out that the appellants are presumed guilty on appeal and have the burden of overcoming that presumption. *State v. Brown*, 551 S.W.2d 329, 331 (Tenn.1977). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832 (Tenn. 1978).

We agree with the State that the evidence supports the finding that the baby's injuries were inflicted by criminal agency and that circumstantial evidence places the infant in the custody of the appellants during the time period in which the assaults occurred. These factors alone, however, do not support a finding beyond a reasonable doubt that either or both of the appellants inflicted the injuries. There were no eyewitnesses to the crime other than the six-week-old victim, who was of course incapable of pointing out his attack-

er. While the appellants made various statements as to how the injuries might have occurred, none of the statements was significantly incriminating. With proof that the injuries resulted from an assault and that the child was in the appellants' custody, we can reasonably be assured that by convicting both appellants, as the jury did in this case, the guilty one will be punished. This, however, does not square with the *constitutional guarantee* that each appellant may only be convicted upon proof beyond a reasonable doubt that he or she committed the crimes.

■ In reviewing convictions based upon circumstantial evidence alone, as in the case *sub judice*, this Court must be satisfied that the circumstances are so strong and cogent as to exclude beyond a reasonable doubt every other reasonable hypothesis save the guilt of the defendant. *State v. Crawford*, 225 Tenn. 478, 470 S.W.2d 610, 612 (1971). The reasonable hypothesis which has not been excluded by the evidence in this case is that one of the appellants inflicted the injuries, and the other, for whatever reason, remained silent; hence, the evidence does not prove beyond a reasonable doubt which one committed the crimes. This issue has merit and is sustained.

The appellants have launched a number of attacks on the trial court's denial of their pre-trial motions to dismiss the indictments. The grand jury returned indictment number 1874 against Judy Hix on February 16, 1982, charging her with one count of aggravated assault committed on or about January 30, 1981. The second count of the same indictment accuses her of committing child abuse on January 30, 1981. Indictment number 1875 was returned against Timmy Hix on February 16, 1982, charging him with committing child abuse on January 30, 1982. The appellants urge that the prosecutions for the misdemeanor charges of child abuse were not commenced within one year after the offenses were allegedly committed, and prosecution is therefore barred by the statute of limitations. T.C.A. § 40–2–102. The State counters that the statute was tolled by the filing of a petition against Judy in juvenile court in February of 1981 and by the issuance of an arrest warrant for Timmy on February 6, 1981.

■ When an indictment is brought after the period of limitations has expired, the specific facts which toll the statute of limitations must be pleaded and proved. *State v. Comstock*, 205 Tenn. 389, 326 S.W.2d 669 (1959); *State v. Thorpe*, 614 S.W.2d 60 (Tenn.Cr.App.1980). In the instant case, both indictment 1874 and indictment 1875 are completely devoid of any allegation which might be interpreted as tolling the statute. In the absence of specific pleadings or proof as to why the statute was tolled, the child abuse convictions were barred by the statute of limitations and are therefore void. Likewise, the conviction of Judy Hix under count one of indictment 1874 for the lesser offense of misdemeanor assault and battery is also void. Where a defendant is indicted for a felony that includes a misdemeanor and is acquitted of the felony but convicted for the misdemeanor, he is entitled to a discharge if the offense was committed more than one year prior to the finding of the indictment. *Hickey v. State*, 131 Tenn. 112, 174 S.W. 269 (1915); *Turley v. State*, 50 Tenn. 11 (1870). The appellants have raised other challenges to the indictments, including an argument that the aggravated assault statute is unconstitutionally vague. In view of the fact that they were not convicted of aggravated assault, this argument is moot. The statute of limitations issue has merit and is sustained.

■ The appellants contend in the next issue that the trial court erred by denying their motion for a continuance premised on the State's failure to comply with a Tenn.R. Crim.P. 16 discovery motion. The appellants insist that their defense was hampered because defense counsel was not presented with sixty-one pages of medical reports until the morning of the trial. It was adduced at the hearing on the motion for continuance that defense counsel had been involved in the proceedings since their

**26**

inception in early 1981. The appellants were arraigned on February 26, 1982, but the motion for discovery was not filed until March 15, 1982, two days before the trial. The State argues that both doctors who testified at the trial also testified at the preliminary hearing. Apparently no effort was made to reach the records by motion or subpoena. The discovery motion was not filed until some forty-two hours prior to trial. Coupled with no proof that the appellants were prejudiced, the denial of their motion for a continuance was not error. *See Woods v. State,* 552 S.W.2d 782, 785 (Tenn.Cr.App.1977). This issue is over-ruled.

The appellants next urge that the attorney general improperly commented on their failure to testify during his closing argument. This issue was not preserved in the motion for new trial and is waived. T.R.A.P. 3(e); *State v. McKinney,* 603 S.W.2d 755 (Tenn.Cr.App.1980). This issue is overruled.

The appellants argue that the trial court abused its discretion by denying probation. In view of our decision to reverse the convictions, this issue is moot. There is also an attack on the jury instructions for failure to sufficiently inform the jury of their duty to separately assess punishment as to each appellant. While not having merit, this issue is also moot.

The State contends that the appeal by Timmy Hix from his conviction for assault and battery should be dismissed for failure to file a notice of appeal. The record indicates that Timmy filed a timely notice of appeal on April 20, 1983, from the trial court's judgment overruling his petition for probation on March 21, 1983. The notice of appeal states that the appeal is from "Action No. 1875," referring to the child abuse conviction resulting from indictment number 1875. No mention is made of indictment number 1719, from which the assault and battery conviction resulted. While the argument of the State is technically correct, we will not dismiss the appeal under these circumstances. *See* T.C.A. § 27-1-123 (Supp.1983).

With our findings that the evidence was insufficient to support the convictions and the prosecution was barred by the statute of limitations, the judgment of the trial court is reversed and dismissed.

TATUM and BYERS, JJ., concur.