**STATE of Tennessee, Appellee,**

**v.**

**James Carlos DAVIDSON, Defendant–Appellant.**

Supreme Court of Tennessee, at Nashville.

Aug. 5, 1991.

Rehearing Denied Sept. 30, 1991.

William M. Leech, Jr., Joseph A. Woodruff, Waller, Lansden, Dortch & Davis, Nashville, Robert L. Littleton, Littleton, Smith & Wolf, Dickson, for defendant-appellant.

Daniel W. Cook, Asst. Dist. Atty. Gen., Charlotte, Charles W. Burson, Atty. Gen. and Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, for State-appellee.

## OPINION

WILLIAM S. RUSSELL, Special Justice.

The sole issue in this appeal is whether or not the statute of limitations applicable to a charge of sexual abuse of a minor may be tolled under the tolling provision applicable to concealment of the crime where it is alleged that the accused used his parental influence over the child to discourage her from telling anyone, threatened to whip and physically abuse her if she told anyone, coerced her not to tell by stating that it would be injurious to her mother's health, and where the victim was alleged to be legally blind and therefore extraordinarily dependent on her family and the defendant.

## HISTORY OF THE CASE

This case has not been tried, but is before this court upon the pleadings. James Carlos Davidson is charged with repeatedly sodomizing and sexually abusing his legally blind daughter over a period of years. Presentments were returned against him on November 24, 1987, charging him with one count of aggravated rape, twenty-five counts of rape, thirty-eight counts of assault with intent to commit rape or sexual battery, forty-eight counts of statutory rape and seventy-six counts of crime against nature.

The alleged victim was stipulated to have attained the age of majority in June of 1983. The presentments were therefore returned more than four years after the alleged victim attained the age of majority. The latest offense charged was said to have occurred in June of 1981, more than six years prior to the return of the presentments.

Counsel for the defendant filed a motion to dismiss the presentments on the ground that the prosecutions were barred by the applicable statute of limitations, then found in T.C.A. Section 40-2-101(c). It provided that these prosecutions "shall be commenced no later than the date the child obtains the age of majority or within four years next after the commission of the offense, whichever occurs later * * * ".

Superseding presentments were obtained by the State, and each sought to avoid the facial lateness of the prosecutions by the addition of this exact language:

"The Statute of Limitations having been tolled by said defendant concealing said criminal activities, by using his parental influence to discourage her from telling anyone, by threatening to whip and physically abuse her, if she told anyone, and further by coercing her not to tell by stating it would be injurious to her mother's health, all of which threats and coercions was further intimidating to said victim due to the fact that she was legally blind and more dependent on her family and the defendant."

The motion to dismiss was sustained by the trial court. The State's argument that the allegation of threats and coercion amounted to concealment which tolled the running of the statute of limitations under the so-called concealment exception embodied in T.C.A. Section 40-2-103 was rejected by the trial court, on the expressed basis

that a crime committed against a person in a case such as this cannot be concealed.

The State appealed the dismissals to the Court of Criminal Appeals. In an opinion filed on March 1, 1990, that court reversed the judgments of the trial court and remanded the cases for trial. The opinion of the Court of Criminal Appeals says that it "agrees with the sound logic expressed by the Court of Appeals of Minnesota in *State v. Danielski*, 348 N.W.2d 352, 357 (1984)"; and says further, "The *Danielski* court's decision * * * concluded by holding that where the same parental authority that is used to accomplish criminal sexual acts against a child is used to prevent the reporting of that act, the statute of limitation does not begin to run until the child is no longer subject to that authority."

The defendant petitioned this Court to be allowed a Rule 11 appeal here, and permission was granted.

## STATEMENT OF THE ISSUES

The defendant states the question presented for review as being: "Whether the statute of limitations has run."

The State defines the issue presented for review as being: "Whether the defendant's threats and coercion to the child victim constitutes concealment under the tolling provision."

We define the dispositive issue as being whether or not the presentments in the instant case are good when tested against the rule that an indictment or presentment which shows on its face that more time than the statutory limitation period has transpired since the date on which the offense was allegedly committed must contain allegations of specific facts that toll the applicable statute of limitations for a sufficient period of time to render the prosecution timely.

In this case, since it is clear that all of the charges that are involved were brought four years and five months after the alleged victim reached her majority, we must look to the wording of the presentments to judge whether or not the wording as a matter of law tolled the running of the statute for four years and five months, since the applicable statute, T.C.A. Section 40–20–101(c), requires that the prosecutions be commenced no later than the date the child obtains the age of majority (if that is more than four years after the date of the offense).

## APPLICABLE TENNESSEE CASE LAW

■ Where there is a statute of limitations that bars prosecution of the offense charged, there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit. *State v. Shaw*, 113 Tenn. 536, 82 S.W. 480 (1904). *Shaw* was specifically followed in *State v. Comstock*, 205 Tenn. 389, 326 S.W.2d 669 (1959), wherein the rule is stated to be that where the indictment is brought after the period of limitations has expired, it must be pleaded and proved that *certain specific facts* toll the statute of limitations. See also *State v. House*, 2 Shannon's Tennessee Cases 610 (1877).

The Court of Criminal Appeals dealt with a statute of limitations question in the case of *State v. Thorpe*, 614 S.W.2d 60 (Tenn. Crim.App.1980) in an opinion drafted by Judge, now Justice, Daughtrey. We quote from that opinion:

> The trial court ruled, correctly we think, that because no allegation had been made by the State that any affirmative act by Thorpe had taken place within the limitations period, the first two counts of the presentment should be dismissed.
>
> ■■ While it is true that the statute of limitations may be tolled when an offense is of a continuing nature, *Nashville & Decatur R.R. v. State*, 60 Tenn. 55, 56–60 (1873), the specific facts which toll the limitation period must be pleaded and proved. *State v. House*, 2 Shannon's Cases 610, 611 (1877); *State v. Comstock*, 205 Tenn. 389, 393, 326 S.W.2d 669 (1959); 2 Wharton's Criminal Procedure Section 274, at 86 (12th ed. 1974). Facts sufficient to toll the statute of limitations were not pleaded or proved here * * *.

The same rule of law was stated and followed in the case of *State v. Hix*, 696

S.W.2d 22 (Tenn.Crim.App.1984). We quote:

 When an indictment is brought after the period of limitations has expired, the specific facts which toll the statute of limitations must be pleaded and proved. *State v. Comstock*, 205 Tenn. 389, 326 S.W.2d 669 (1959); *State v. Thorpe*, 614 S.W.2d 60 (Tenn.Cr.App.1980). In the instant case, both indictment 1874 and indictment 1875 are completely devoid of any allegation which might be interpreted as tolling the statute. In the absence of specific pleadings or proof as to why the statute was tolled, the child abuse convictions were barred by the statute of limitations and are therefore void. * * *.

A case closely akin to the case at bar is *State v. Tidwell*, 775 S.W.2d 379 (Tenn. Crim.App.1989). Tidwell was charged with thirty-four counts of criminal sexual conduct with minor victims. He filed a pretrial motion to dismiss certain counts of the presentment on the ground the offenses charged in those counts were barred by the statute of limitations. The State contended that the statute of limitations had been tolled as to each offense due to the defendant's concealment of the respective offenses. The trial court permitted the State to amend all counts of the presentment by adding this language:

"Said crime having been concealed by the aforesaid defendant, Marshall Tidwell, from date of the commission of the offense until August 16, 1986."

The Court of Criminal Appeals held that the allegations of this amendment constituted sufficient facts which, if proved, would toll the statute of limitations. In that case the amendment flatly claimed *concealment* for a specific time period. The appellate court wrote:

* * * T.C.A. Section 40–2–103 provides that "[n]o period, during which the party charged conceals the fact of the crime ... is included in the period of limitation". However, the State failed to establish during the trial that the defendant concealed the offense. *State v. Bentley*, 239 Kan. 334, 721 P.2d 227

(1986). See *Sears v. State*, 356 S.E.2d 72 (Ga.App.1987).

The victims were aware of the acts which constitute the offenses of which the defendant stands convicted. While the defendant asked the victims not to tell anyone about the sexual contact, the victims had ample opportunity to tell their parents, siblings, relatives and friends about the acts which constituted the offenses. One victim apparently told his fellow students about what had occurred, and the information traveled rapidly throughout the school. The defendant talked to a group of victims together on one occasion. He also told some of the victims about his sexual contact with other victims. However, no one alerted the authorities. It is clear the victims were aware of the acts which constituted the offenses of which the defendant stands convicted. However, the defendant never threatened any of the victims.

In *State v. Bentley, supra*, an uncle had sexual contact with his nine-year-old niece. When the child's father arrived home, the uncle threatened the child in a mean voice. He told the child "not to tell anybody, and if she did, he would try to do it again". He also told the child that if she told her father, "he would tell her father that her brother had come into the bathroom while she was in there," a violation of the father's privacy rule. The Kansas Supreme Court held that the statements of the uncle did not constitute concealment of the offense. *Bentley*, 721 P.2d at 230. In *Sears v. State, supra*, the Georgia Court of Appeals ruled that a victim's infancy, lack of awareness of the criminal nature of the accused's conduct, and/or the victim's fear of the accused does not toll the statute of limitations in a child abuse case. *Sears*, 356 S.E.2d at 74.

POSITION OF THE DEFENDANT

The defendant relies heavily upon the case of *State v. Bentley*, 239 Kan. 334, 721 P.2d 227 (1986), which case was cited favorably in *State v. Tidwell, supra*. The defendant argues that in *Bentley* the Supreme Court of Kansas dealt squarely with the

320

identical issue presented in this case and held that while threats against victims of child abuse may be an effective way to keep children from reporting such offenses, crimes against the person by their very nature cannot be concealed; therefore, the existence of such threats cannot constitute acts of concealment of the fact of the crime sufficient to toll the running of the statute of limitations.

The defendant, in response to the State's reliance upon *Crider v. State*, 531 N.E.2d 1151 (Ind.1988), and upon *State v. Danielski*, 348 N.W.2d 352 (Minn.App.1984), discussed hereinafter, points out that the Indiana concealment statute attaches to concealment of "evidence of the offense" while the Tennessee statute addresses concealment of "the fact of the crime"; and that *Danielski, supra*, is not controlling, because Minnesota has no concealment exception to its statute of limitations and the court in that case held that the prosecution was not barred because the offense was a continuing one and the existence of a position of authority and improper use of that authority over the child victim were essential elements of the crime charged.

The defendant also strongly argues that the legislature of Tennessee has already established a comprehensive remedy to the problem of child sex abuse which includes special limitations provisions for victims of such assaults. T.C.A. Section 40–2–101(c), now T.C.A. Section 40–2–101(d), provides, as heretofore noted, that prosecutions for any offense committed against a child shall be commenced no later than the date the child obtains the age of majority or within four years next after the commission of the offense, whichever occurs later. The argument is made that any expansions of those protections is for the legislature to address, not the courts; and that if the opinion of the court of Criminal Appeals is followed, in every case where the victim alleges that he or she was afraid of the accused that nothing would prohibit the State from bringing a criminal charge forty years or more after the alleged offense. Defendant argues that the "concealment" exception to the statute of limitations was meant to apply to situations in which the fact that a crime had been committed was concealed through some act of the accused, a concealment that prevents the victim from learning that he or she has been victimized.

## POSITION OF THE STATE

The State contends that under T.C.A. Section 40–2–103 the statute of limitations is tolled for any period in which the defendant conceals the fact of the crime; and that the alleged threats of physical violence if the victim told, etc., trapped the victim in silence.

The State reads *State v. Tidwell, supra*, as demonstrating that the courts are indeed capable of carefully and discerningly applying the concealment provision to child sexual abuse cases. *Tidwell* is distinguished from the instant case by the absence of threats, positive acts of concealment and an intra-family relationship between the accused and the victim.

The State relies upon *Crider v. State, supra*, for the proposition that threats of physical violence could constitute concealment of a crime against a person.

The State supports the holding of the Court of Criminal Appeals in its reliance upon the Minnesota case of *State v. Danielski, supra*, wherein the Court of Criminal Appeals found that case to be authority for the proposition that the use of parental authority to commit sexual abuse and control the victim's life so as to prevent reporting of those acts constituted concealment.

The State answers the argument that the statutes in Indiana and Minnesota differ from the Tennessee statute by stating that the Court of Criminal Appeals did not rely upon the results of the specific statutes in those jurisdictions to reach its legal conclusions, but applied the general reasoning and theories concerning child sex abuse crimes to the particular context of Tennessee's concealment doctrine.

The State cites and relies upon the Nevada case of *Walstrom v. State*, 104 Nev. 51, 752 P.2d 225 (1988). The case involved a charge of lewdness with a minor. The court found that the crime could be committed in "secret", even though it involved

a victim. The court held that the nature of the crime of child sexual abuse and the methods used to perpetrate and hide the crime resulted in concealment.

The State advocates adoption of the philosphy behind the definitions of concealment vis-á-vis stolen property found in *State v. Lawson*, 695 S.W.2d 202, 203 (Tenn.Crim.App.1985), and *U.S. v. Grindstaff*, 479 F.Supp. 599 (M.D.Tenn.1978). Those cases equate concealment with any act which makes discovery of the property by the owner more difficult.

The State characterizes the *Bentley* decision of the Kansas court as being harsh; and says that in that case the court failed to recognize that the will of the victim can be effectively overridden by the use of threats and coercions, destroying the ability of the victim to report the crime. In addition, the State argues that the *Bentley* decision ignores the fact that in some cases, particularly where children are involved, the fact that they know that an act has been committed against them is not the same as knowing that a crime has occurred.

The State cites from a comment in the Ohio State Law Journal titled *NOT ENOUGH TIME?: THE CONSTITUTIONALITY OF SHORT STATUTES OF LIMITATIONS FOR CIVIL CHILD SEXUAL ABUSE LITIGATION.* Harshaw, 50 Ohio L.J. 756 (1989). The point is made that a child victim of sexual abuse suffers a damaged psyche and weakened ability to perceive right and wrong, which hinders the child from taking self-protective measures.

## CONCLUSIONS

■ The initial difficulty that the State must overcome is that presented by the well-established rule in Tennessee that where an indictment or presentment shows upon its face, or by stipulation, that the applicable statute of limitations has expired, the instrument must allege facts which demonstrate that the statute was tolled for a sufficient period of time to avoid the bar of the statute of limitations.

Here, presentments were returned four years and five months after the alleged

victim reached adulthood. During that period of time all of the arguments going to the helplessness of children are inapplicable. During that period of time there would not exist "parental influence over the child" to discourage her from telling anyone; nor the opportunity "to whip and physically abuse her" if she told anyone. Presumably, as an adult, the victim could make a mature judgment as to whether or not telling would be injurious to her mother's health. Her sight problems cannot be assumed to silence her as an adult.

The State's problem is exacerbated by the total absence of allegations as to when the coercion occurred. If this Court were to accept the proposition of law that coercion against a minor victim of sexual abuse could amount to concealment of the crime so as to toll the running of the statute of limitations, the time frame for the coercion constituting the concealment would need to be alleged. Tolling is not forever. If the tolling under T.C.A. Section 40–2–103 is triggered by the absence of the accused from the state, obviously upon his or her return to the state the statute would begin to run. If the tolling is triggered by concealment, the statute would begin to run when the concealment ceased.

In the case at bar, we are not told when the coercion occurred, when and if it ceased, when the alleged crimes were first reported to the authorities, or why the alleged victim did not report the alleged abuse upon attaining her majority (if she did not).

We simply cannot read the language in the amendments to the presentments and say that for a certain period of time sufficient to render the presentments timely that the fact of the alleged crimes was concealed by the defendant. We are not permitted to guess that upon a trial the State could prove concealment for a sufficient time to render the presentments timely. The law requires the State to *plead* and prove the tolling. Where the allegations are insufficient, the indictment or presentment will be dismissed upon motion, and there can be no trial in which to prove what was not alleged.

We really do not reach the precise question of whether coercion of a minor sex abuse victim not to tell anyone can ever constitute concealment under T.C.A. Section 40–2–103. Many different factual situations could occur. Suppose, for example, the minor victim told her mother, but nobody else; and the mother chose not to tell the authorities until the statute of limitations had run. We reserve the question of *coercion* constituting *concealment*.

We hold that the trial court properly dismissed these presentments. The judgment of the Court of Criminal Appeals is reversed and the judgment of dismissal of the trial court reinstated.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.