STATE of Tennessee, Plaintiff/Appellant,

v.

Jackie Harold MESSAMORE, Defendant/Appellee.

STATE of Tennessee, Plaintiff/Appellant,

v.

Billy Gene POWELL, Defendant/Appellee.

Supreme Court of Tennessee.

Nov. 12, 1996.

Rehearing Denied Dec. 23, 1996.

Charles W. Burson, Attorney General & Reporter, Gordon W. Smith, Associate Solicitor General, Nashville, Alfred C. Schmutzer, Jr., District Attorney General, James Gass, Assistant Attorney General, Sevierville, Robert Radford, District Attorney General, Huntingdon, for Plaintiffs/Appellants.

John E. Herbison, Attorney for Appellee Messamore, Nashville, Barton F. Robison, Attorney for Appellee Powell, Paris, for Defendants/Appellees.

## OPINION

DROWOTA, Justice.

This consolidated appeal presents a single issue for our determination: is an indictment issued beyond the statutory limitations period subject to dismissal if it fails to allege that the prosecution was timely commenced within the applicable limitations period by another method. For the reasons that follow, we hold that such indictments are not subject to dismissal. Accordingly, the judgments of the Court of Criminal Appeals dismissing the indictments are reversed and the judgments of the respective trial courts are reinstated.

## BACKGROUND

### Messamore

On December 17, 1992, following an accident in which he was injured, Jackie Harold Messamore was arrested for the misdemeanor offense of driving while under the influence of an intoxicant. On three separate occasions thereafter, Messamore appeared in general sessions court to obtain a continuance of the case. However, on October 13, 1993, less than twelve months after the offense occurred, Messamore was bound over to the grand jury. The grand jury did not indict Messamore until January 3, 1994, more than twelve months after the offense occurred. The indictment did not allege that the prosecution had been timely commenced by other means within the applicable one year misdemeanor statute of limitations. Tenn.Code Ann. § 40-2-102 (1990 Repl.)[1]

The case was tried to a jury in April of 1994, and Messamore was convicted of the offense charged. Messamore appealed, and for the first time, challenged the sufficiency of the indictment. In a split decision, the Court of Criminal Appeals concluded that the prosecution had been timely commenced, but nevertheless ordered the indictment dismissed, stating that "[i]f an indictment on its face indicates that the statute [of limitations] has expired, the state must allege the specific facts relied upon in order to avoid the statutory bar whether the statute is 'tolled' or whether prosecution was commenced within the statutory period."

### Powell

On August 16, 1993, Billy Gene Powell was arrested for the misdemeanor offenses of speeding and driving on a revoked license.

---

1. That statute provides as follows: "Except as provided in § 62–18–120(g), all prosecutions for misdemeanors shall be commenced within twelve (12) months next after the offense has been committed, except gaming, which shall be commenced within six(6) months."

On November 9, 1993, less than one year after his arrest, Powell appeared in general sessions court on both charges, waived a preliminary hearing, and agreed to have the cases bound over to the grand jury. For various reasons not pertinent to the issue on appeal, the grand jury did not act on the cases until November 7, 1994, almost fifteen months after the offenses occurred, when it returned a two count indictment against Powell for speeding and driving on a revoked license. Neither count of the indictment recited facts to establish that the prosecution had been timely commenced by another method within the applicable one year misdemeanor statute of limitations.

On November 10, 1994, Powell moved to dismiss the indictment as time-barred. The trial court denied the motion. Powell later entered a guilty plea, but appealed the trial court's denial of his motion to dismiss the indictment pursuant to Tenn.R.Crim.P. 37. The Court of Criminal Appeals reversed the trial court's decision and dismissed the indictment because the State had failed to allege facts in the indictment to show that it had been timely commenced within the one year limitations period.

Thereafter, we granted the State's applications to appeal Messamore and Powell and consolidated the cases for review to clarify this area of the law of criminal procedure. For the reasons that follow, the judgments of the Court of Criminal Appeals dismissing the indictments are reversed and the judgments of the respective trial courts are reinstated.

### SUFFICIENCY OF THE INDICTMENTS

We begin our analysis by reviewing basic rules of criminal procedure. In Tennessee, a prosecution is commenced by "finding an indictment or presentment, the issuing of a warrant, binding over of the offender, by the filing of an information . . ., or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any pur-

pose involving the offense." Tenn.Code Ann. § 40–2–104 (1990 Repl.). To avoid the bar of the statute of limitations, the State must "commence" a misdemeanor prosecution within twelve months of the commission of the offense by one of the methods enumerated in the statute quoted above. Tenn.Code Ann. § 40–2–102 (1990 Repl.).

Here, the record reflects, and the defendants conceded at oral argument, that prosecution had been timely commenced in each case. Indeed, both Messamore and Powell were bound over to the grand jury well within one year of the commission of the misdemeanor offenses. Therefore, the only question is whether the State's failure to allege timely commencement renders the indictments issued beyond the limitations period subject to dismissal.

While conceding that some prior opinions of this Court contain language which can be interpreted to allow dismissal of indictments under such circumstances, the State contends that such an interpretation ignores the distinction, drawn in the cases, between facts showing that the statute of limitations has been tolled, "tolling facts," and facts showing that the prosecution actually has been commenced within the statutory period, "commencing facts." According to the State, existing precedent only requires that *tolling facts* be pleaded and proven. Therefore, dismissal is only appropriate, the State contends, when prosecution is *commenced* by issuance of a facially late indictment which fails to allege sufficient facts to establish that the statute of limitations has been "tolled." [2]

Relying upon the same existing precedent as the State, the defendants argue that regardless of the method used to commence prosecution, a facially late indictment is subject to dismissal if it fails to recite facts to establish either that prosecution has been timely commenced by another method *or* that the statute has been tolled. We disagree.

Although this Court previously has stated the broad rule that "[w]here there is a stat-

---

2. The State urges this Court to overrule existing precedent requiring that "tolling facts" be pleaded and proven in an indictment which is brought outside the limitations period to commence pros-

ecution. We decline and reserve decision on that issue for a case in which it is squarely presented.

ute of limitations that bars prosecution of the offense charged, there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit," a close reading of the authorities cited to support the rule reveals the existence of the distinction between tolling and commencing facts upon which the State relies in this appeal. In none of the relevant decisions from this Court had prosecution been timely commenced by another method prior to issuance of the facially late indictments.

For example, in the early case of *State v. House*, 2 Tenn. (Shannons) 610 (Tenn.1877), prosecution for a misdemeanor offense was commenced by issuance of an indictment beyond the limitations period. Apparently relying upon the defendant's absence from the jurisdiction, the State argued that the statute of limitations had been tolled, but failed to allege tolling facts in the indictment. The *House* Court held that "[i]f ... the state claims the prosecution *may be commenced* more than 12 months after the commission of the offense, the facts making such cause must be averred." *Id.* at 610–11 (emphasis added).

Likewise, in *State v. Comstock*, 205 Tenn. 389, 326 S.W.2d 669 (1959), a second indictment was brought against the defendant after the statutory limitations period had expired, but while another timely filed indictment was still pending. Later, the initial indictment was quashed and this Court ruled that because the only timely filed indictment had been quashed, the prosecution was barred by the statute of limitations. *Id.*

Most recently, in *State v. Davidson*, 816 S.W.2d 316 (Tenn.1991), prosecution against the defendant was commenced by an indictment issued outside the limitations period. The State relied upon concealment of the crime to toll the running of the statute. While acknowledging that concealment can toll the statute of limitations, this Court reversed the conviction and dismissed the in-

dictment because the State had not pleaded facts in the indictment to establish its reliance on concealment.

In each of the preceding cases, the State was claiming an exception to the bar of the statute of limitations, tolling, for commencing the prosecution outside the statutory period. This Court refused to allow the State to rely upon an exception without a specific averment in the indictment. *See also State v. Tidwell*, 775 S.W.2d 379 (Tenn.Crim.App. 1989); *State v. Thorpe*, 614 S.W.2d 60 (Tenn. Crim.App.1980). Accordingly, despite the contentions of the defendants in this case, this Court's prior decisions[3] have only required recitation of facts to establish tolling when a facially late indictment is used to commence prosecution.

In the cases under consideration, the State did not rely upon tolling or any other exception to the statute of limitations. Indeed, all agree that the prosecutions against Messamore and Powell were timely commenced within one year of the commission of the misdemeanor offenses by means other than the indictments. Tolling of the statute of limitations was not required. Furthermore, as counsel for Messamore conceded at oral argument, no clear rationale supports applying the pleading requirement to commencing facts, nor would its application provide a benefit to defendants. In Tennessee, a defendant has a procedural vehicle through which to litigate a claim that the prosecution is time-barred. *See* Tenn.R.Crim.P. 12(b).

### *CONCLUSION*

We hold that an indictment issued beyond the statutory limitations period need not allege commencing facts to establish that the prosecution was timely initiated within the applicable limitations period by another method. Accordingly, the judgments of the Court of Criminal Appeals dismissing the indictments are reversed and the judgments of the respective trial courts are reinstated. Costs of this appeal are taxed equally to the defendants, Jackie Harold Messamore and

---

3. Support for the defendants' position can be found, however, in *State v. Hix*, 696 S.W.2d 22 (Tenn.Crim.App.1984) and other unreported decisions of the Court of Criminal Appeals. To the extent those decisions can be read to require pleading of commencing facts, they are overruled.

Billy Gene Powell, for which execution may issue if necessary.

BIRCH, C.J. and REID, J., concur.