# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1997 SESSION

**FILED**

**March 18, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9612-CR-00449** |
| Appellee, | **)** | |
| | **)** | **SHELBY COUNTY** |
| VS. | **)** | |
| | **)** | **HON. JOHN P. COLTON, JR.** |
| **DANIEL D. NAUGHTON, SR.,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Aggravated Child Abuse) |

## D I S S E N T

_____I respectfully dissent from the majority's holding that the evidence is sufficient to support the defendant's conviction for aggravated child abuse.

As noted in the majority opinion, it is clear from the evidence that the infant was a victim of abuse and that the infant suffered serious bodily injury. However, I cannot agree with the majority's conclusion that the evidence demonstrated beyond a reasonable doubt that the defendant was the one who inflicted the abuse.

In this case, the indictment alleged that the defendant committed a series of abusive acts on the victim, beginning the day the victim was born. Yet, at trial, the State had no evidence that the defendant was the one who inflicted the abuse. The majority states that by the defendant's own admission he was the only person supervising the infant at the time of injury. However, a careful read of the record reveals that Dr.

O'Donnell testified that the fracture to the thigh bone was "fresh" and that it had most likely occurred within the last five or six hours. The child had been in the care of his mother and the defendant during that period. The defendant's so-called "admission" was that he had been alone with the victim for less than an hour before taking him to the hospital. The State introduced no evidence to show that the defendant had had an opportunity to inflict this injury during the time frame of five to six hours earlier. Furthermore, the State produced no evidence of any other times between the victim's birth and date of hospitalization that the defendant had been alone with the victim or that the defendant had had an opportunity to inflict any abuse upon the child during this time.

The strongest view of the proof shows only that the defendant and victim shared the same household during the time that the victim was injured and that on the night the victim was taken to the hospital, the victim had been alone in the defendant's care for less than an hour. As this Court has said before, "Merely placing the infant in the [defendant's] presence during the relevant time period is insufficient to prove beyond a reasonable doubt that he inflicted the injuries." State v. Jimmy Lee Jones, No. 01C01-9511-CR-00367, Davidson County (Tenn. Crim. App. filed Feb. 12, 1997, at Nashville)(perm. to appeal denied Jan. 5, 1998). See also State v. Hix, 696 S.W.2d 22, 24-25 (Tenn. Crim. App. 1984), overruled on other grounds by State v. Messamore, 937 S.W.2d 916, 919, n. 3 (Tenn. 1996). Furthermore, that the defendant's explanation of the victim's injuries conflicted with the testimony of the doctors is not sufficient to prove his guilt beyond a reasonable doubt. Jones, No. 01C01-9511-CR-00367, Davidson County (Tenn. Crim. App. filed Feb. 12, 1997, at Nashville). At best, the jury simply speculated that since the child had clearly been abused, the defendant must have been

2

the abuser.  In our rush to be "tough on crime," we must not sacrifice our most basic protection of the innocent - "proof beyond a reasonable doubt."  The evidence here simply did not prove beyond a reasonable doubt that the defendant inflicted these injuries upon the victim.  Thus, I dissent from the majority's view that this conviction should stand.


_____
JOHN H. PEAY, Judge