# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
April 24, 2001 Session

## STATE OF TENNESSEE v. JAMES L. HUNSAKER

**Interlocutory Appeal from the Circuit Court for Anderson County**
**No. 99CR0364    James B. Scott, Jr., Judge**

---

**No. E2000-02419-CCA-R9-CO**
**July 10, 2001**

---

The defendant, James L. Hunsaker, was charged with ten counts of rape of a mentally defective victim, Class B felonies, in violation of Tenn. Code Ann. § 39-13-503. The defendant filed a motion to dismiss the first nine counts of the indictment, involving offenses alleged to have occurred between the autumn of 1992 and the spring of 1994, as barred by the statute of limitations. The trial court ruled that concealment was inherent in the victim's mental defect and that the statute of limitations was tolled. See Tenn. Code Ann. § 40-2-101. The defendant filed a motion for interlocutory appeal to this court. Because the first nine counts of the indictment are barred by the statute of limitations, the judgment of the trial court is reversed. Each of the nine counts is dismissed.

### Tenn. R. App. P. 9; Judgment of the Trial Court Reversed.

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Kevin C. Angel, Oak Ridge, Tennessee, for the appellant, James L. Hunsaker.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, James L. Hunsaker, was indicted on October 12, 1999, for 10 counts of rape of a victim that he knew or had reason to know was mentally defective, mentally incapacitated or physically helpless. See Tenn. Code Ann. § 39-13-503(a)(2) (1991). The first nine counts of the indictment were alleged to have occurred between the autumn of 1992 and the spring of 1994.

The defendant filed a motion to dismiss the first nine counts of the indictment, contending that the statute of limitations had expired and that the state had failed to present any tolling factors in the indictment. He argued that under Tennessee Code Annotated § 40-2-101(d) (1990), any prosecution for any offense committed against a child that constitutes a criminal offense under the

provisions of Tennessee Code Annotated § 39-13-503 must commence no later than the date the child attains the age of majority or within four years of the commission of the offense, whichever occurs later. The state argued that the statute of limitations contained in Tennessee Code Annotated § 40-2-101(d) did not apply because the offense was not alleged to have been committed against a child. The state contended that the applicable statute of limitations was the eight-year period for Class B felonies established by Tennessee Code Annotated § 40-2-101(b)(2) (1990).

Although the state would not agree to stipulate the age of the victim, it was determined at hearing that the victim was born on October 27, 1978. By our calculations, the victim was 20 years old when the indictment was returned and would have been either 13, 14, or 15 years of age at the time of the offenses. The trial court overruled the motion to dismiss, concluding as follows:

> Proof has now been introduced showing conclusively that the victim was less than 18 years of age when nine (9) of the separate crimes alleged in the indictment occurred. In other words, the victim was a child when the alleged events in nine (9) counts occurred. However, the indictment does not describe the victim as a child, but does describe the victim as mentally defective. The statute of limitations would have terminated the prosecution on these nine (9) separate counts had the victim been referred to in the indictment as a child. No proof is before the Court as to the mental capacity of the alleged victim.

> It would appear that the purpose for terminating prosecution when the victim is a child within the four year period is to avoid the use of stale evidence and to provide an incentive for swift governmental action when the child becomes accountable by becoming an adult and is sufficiently mature to timely report sexual conduct to the authorities or other responsible adults. However, in this case, concealment is inherent in the nature of the mental condition of the victim and this Court finds that this fact would toll the statute because reaching the chronological age of 21 is not the indices of maturity for the tolling of the statute. Even though it is not clearly alleged under the indictment (that the running of the statute would be tolled) this Court finds that the prosecution is not barred under the provisions of [Tennessee Code Annotated] 40-2-101(d) and is preserved specifically under the provisions of [Tennessee Code Annotated] 40-2-101(f) by the statute of limitations extending for eight (8) years after the offense is allegedly committed. . . .

(Emphasis added).

On interlocutory appeal to this court, the state concedes that the first nine counts of the indictment should be dismissed. It also argues that the ruling rendered by the trial court was erroneous. We must agree.

The statute of limitations is tolled for any period "during which the party charged conceals the fact of the crime, or during which the party charged was not usually and publicly resident within

the state . . . ." Tenn. Code Ann. § 40-2-103 (1990). The indictment must allege the specific facts relied upon in order to avoid the statutory bar. State v. Comstock, 205 Tenn. 389, 326 S.W.2d 669 (1959); State v. Hix, 696 S.W.2d 22, 25 (Tenn. Crim. App. 1984). Here, however, there was no evidence as to how the mental condition of the child served as to conceal the crimes. There is no explanation as to how the defendant might have "concealed" the crime. Simply stated, the state did not offer any facts in the indictment to establish that the statute of limitations had been tolled.

The trial court also ruled that the first nine counts of the indictment were "preserved specifically under the provisions of [Tennessee Code Annotated] 40-2-101(f) by the statute of limitations extending for eight (8) years after the offense is allegedly committed." In State v. Oscar Bernal, No. M1999-00079-CCA-R3-CD (Tenn. Crim. App., at Nashville, Jan. 13, 2000), this court ruled otherwise. In Bernal, the defendant filed a motion to dismiss 10 counts of a 14-count sexual abuse indictment, asserting that the statute of limitations had expired. The alleged abuse had ended in 1992 when the victim was 14 years old but was not reported until the victim was 19 years old. The indictment contained allegations that the statute of limitations had been tolled by the defendant's acts of intimidation and concealment of his crimes. The trial court granted defendant's motion to dismiss the 10 counts. In affirming the trial court's decision, this court ruled as follows:

> [A]s to those counts of the indictment alleging rapes committed from 1990 through 1992, we make the following observations. Rape is a Class B felony. Tenn. Code Ann. § 39-13-503(b) (1991). The standard limitation for prosecution of a Class B felony is eight years. Tenn. Code Ann. § 40-2-101(b)(2) (1990). The prosecution of all alleged rapes committed from 1990 through 1992 was commenced within the eight years. Nevertheless, Tenn. Code Ann. § 40-2-101(d) (1990) expressly lists rape involving a child as an offense requiring prosecution within four years of commission or when the child reaches majority, whichever is later. Thus, in this case there is a shorter limitations period for the child victim than there would be for an adult victim. We sincerely doubt that the legislature intended such a result; however, we are bound by the unambiguous language of the statute. We note the legislature amended the statute in 1997 to remedy this disparity. See Tenn. Code Ann. § 40-2-101(f) (1997). The amendment expressly states that it only applies to offenses committed after July 1, 1997. Id.

Slip op. at 5.

As our opinion in Bernal indicated, the provision cited by the trial court applies only to offenses committed on or after July 1, 1997. See 40-2-101(f) (1997). Here, the first nine counts of the indictment alleged that the offenses were committed between the autumn of 1992 and the spring of 1994. Thus, under Tennessee Code Annotated § 40-2-101(d) (1990), the prosecution should have commenced within four years of commission of the offenses or when the victim reached the age of majority, whichever was later. Because the prosecution in the nine charges at issue commenced after the four-year period, the victim was over the age of majority when the indictment was returned, and

the state failed to allege any facts to toll the statute of limitations, the judgment of the trial court must be reversed and the first nine counts of the indictment must be dismissed.


_____
GARY R. WADE, PRESIDING JUDGE