IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2022

**DAVID H. JOHNSON v. STEVE UPTON, WARDEN**

**Appeal from the Circuit Court for Trousdale County
No. 2021-CV-4904  Michael Wayne Collins, Judge**

————————————————————

**No. M2021-01164-CCA-R3-HC**

————————————————————

The Petitioner, David H. Johnson, appeals the denial of his petition for *habeas corpus* relief.  He maintains that the trial court did not have jurisdiction over his case because the superseding indictment was returned after the expiration of the statute of limitations for aggravated rape.  The *habeas* court summarily denied the petition because the record failed to establish that the judgment was void.  After review, we affirm the *habeas* court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J. ROSS DYER, JJ., joined.

David Hugo Johnson, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jason L. Lawson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Procedural Background**

On February 12, 2015, a Shelby County grand jury issued a "John Doe" indictment, number 15-00747, alleging that "John Doe" committed aggravated rape between February 12 and February 15, 2000.  The indictment was based upon a DNA profile.  The DNA profile was later linked to the Petitioner and, on January 21, 2016, a Shelby County grand jury returned a superseding indictment, number 16-00393, naming the Petitioner.

On October 12, 2018, a Shelby County jury convicted the Petitioner of aggravated rape, and the trial court sentenced the Petitioner to serve twenty-five years in the Tennessee Department of Correction.  The Petitioner appealed his conviction, asserting that he was

entitled to dismissal of the case because he was not timely indicted and that the State failed to establish the chain of custody of the DNA evidence. *State v. David Johnson*, No. W2019-01133-CCA-R3-CD, 2022 WL 1134776, at *1 (Tenn. Crim. App., at Jackson, April 18, 2022), *Tenn. R. App. P. 11 application filed* (May 31, 2022).

On May 24, 2021, before resolution of his direct appeal, the Petitioner, *pro se*, filed a "Memorandum of Facts and Law in Support of Writ of *Habeas Corpus* Relief for Petitioner David H. Johnson, *Pro Se*." The petition claimed that the trial court was without jurisdiction to convict him because he was indicted outside the statute of limitations based upon the date of the superseding indictment, January 21, 2016. On August 21, 2021, the Petitioner then filed a motion to enter default judgment pursuant to Tennessee Rule of Civil Procedure 55.01. The court treated the "Memorandum" as a *habeas corpus* petition and denied relief after finding that the trial court had jurisdiction and that the judgment was not facially void. On October 1, 2021, while his direct appeal was still pending before this court, the Petitioner filed this appeal of the denial of his *habeas corpus* petition.

On March 18, 2022, before this current appeal was docketed, this court issued its opinion on the Petitioner's direct appeal, which addressed the issue of the indictment that was raised both in the direct appeal and the *habeas corpus* petition. Our opinion summarized the issue and our conclusion as follows:

> [The Defendant] argues that prosecution was barred because it was not begun in the statutory limitations period and that even if the "John Doe" indictment was timely returned, the superseding indictment failed to plead tolling facts. The State responds that the prosecution was properly commenced prior to the expiration of the statute of limitations through the filing of the "John Doe" indictment.
>
> Prosecution of a felony offense is barred unless it is begun within the statutory limitations period. T.C.A. § 40-2-101. The limitations period serves to protect against delay and the use of stale evidence and serves as an incentive to efficient prosecution. *State v. Burdick*, 395 S.W.3d 120, 124 (Tenn. 2012). A statute of limitations is not jurisdictional but may be waived so long as the waiver is knowingly and voluntarily entered. *State v. Pearson*, 858 S.W.2d 879, 887 (Tenn. 1993). Although the right to timely prosecution is not a fundamental right, it is nevertheless "substantial." *Id.* "To determine whether a knowing and voluntary waiver of the statute of limitations exists, the court utilized 'the same standard applied in determining whether there has been an effective waiver as to fundamental rights.'" *State v. Shell*, 512 S.W.3d 267, 274 (Tenn. Crim. App. 2016) (quoting *Pearson*, 858 S.W.2d at 887). The relinquishment of the right to a timely prosecution may not be

2

presumed from a silent record. *Pearson*, 858 S.W.2d at 887. Here, we agree with the [Petitioner] that the record does not indicate that he waived his right to indictment within the limitations period.

The prosecution for a Class A felony offense must be begun within fifteen years. T.C.A. § 40-2-101(b)(1) (1998); T.C.A. § 39-13-502(b) (2000) (classifying aggravated rape as a Class A felony). "A prosecution is . . . commenced, within the meaning of this chapter, by finding an indictment or presentment or the issuing of a warrant identifying the offender by a deoxyribonucleic acid (DNA) profile." T.C.A. § 40-2-104 (2013); *see* 2013 Tennessee Laws Pub. Ch. 205 § 2 (noting that the amendment related to indictment by DNA profile "shall apply to the commencement for any offense, regardless of when committed" so long as the limitations period has not expired).

A superseding indictment is one obtained without dismissal of the prior indictment, and the prosecution has the broad discretion to seek a superseding indictment so long as jeopardy has not attached. *State v. Harris*, 33 S.W.3d 767, 771 (Tenn. 2000). "Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial." *Id*.

So long as a timely indictment is pending and the charges are neither broadened nor substantially amended, the superseding indictment may be filed after the statute of limitations has run. *State v. Lawson*, 291 S.W.3d 864, 872 (Tenn. 2009). "Further, the subsequent indictment need not include 'commencing facts' to establish that the prosecution was timely and initiated by other of the statutory methods." *Id*. The [Petitioner]'s argument that "the original indictment must be specifically pled as a 'tolling fact' to justify the issuance of a time-barred indictment" is contrary to law. When an indictment has been timely issued, a superseding indictment need not allege facts showing that the prosecution was commenced within the limitations period. *State v. Nielsen*, 44 S.W.3d 496, 499-500 (Tenn. 2001) (distinguishing *State v. Comstock*, 326 S.W.2d 669 (Tenn. 1959), relied on by the [Petitioner] here, on the basis that the timely filed indictment in *Comstock* had been quashed); *State v. Messamore*, 937 S.W.2d 916, 919 (Tenn. 1996) (the State was not required to plead tolling facts when prosecution was timely commenced by means other than the indictments, which were returned after the limitations period).

3

Because "a DNA profile exclusively identifies an accused with nearly irrefutable precision," the inclusion of a DNA profile on a "John Doe" warrant is sufficient to identify a defendant with reasonable certainty as required by constitution and statute. *Burdick*, 395 S.W.3d at 128 (citing U.S. Const. amend. IV; Tenn. Const. art. I, § 7; T.C.A. § 40-6-208; Tenn. R. Crim. P. 4(c)(1)(B)). Accordingly, "[a] criminal prosecution is commenced if, within the statute of limitations for a particular offense, a warrant is issued identifying the defendant by gender and his or her unique DNA profile. Furthermore, a superseding indictment in the defendant's proper name provides the requisite notice of the charge." *Id*. at 130.

. . . .

Here, the "John Doe" indictment, listing the [Petitioner]'s genetic profile and naming the victim and date, was returned on February 12, 2015, within the fifteen-year statutory limitations period. A superseding indictment was returned in 2016, after the [Petitioner] was identified by name. The trial court found on remand that the "John Doe" indictment had been continuously in the possession of the trial court clerk after it was issued. The court further found, consistent with the testimony of the ADA, that after the [Petitioner] was identified as the perpetrator through his DNA, the indictment was superseded by the 2016 indictment which named the [Petitioner]. The [Petitioner] was timely indicted and is not entitled to relief.

*David Johnson*, 2022 WL 1134776, at *8-10.

## II. Analysis

On appeal, the Petitioner asserts that the trial court did not have jurisdiction over his case and that the *habeas* court improperly denied his petition without requiring the State to file a response, holding an evidentiary hearing, and making findings of fact.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek *habeas corpus* relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether *habeas corpus* relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

4

Although there is no statutory limit preventing a *habeas corpus* petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The grounds upon which a *habeas corpus* petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the petitioner; or (2) a claim the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Relief will only be granted when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that the trial court was without jurisdiction to sentence the petitioner or that the sentence is expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Furthermore, the procedural requirements for *habeas corpus* relief are mandatory and must be scrupulously followed. *Archer v. State*, 851 S.W.2d 157, 165. A *habeas* court may dismiss a petition for *habeas corpus* relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004).

It is also permissible for a *habeas* court to summarily dismiss a petition of *habeas corpus* without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar.11, 1998).; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

The Petitioner asserts that the trial court did not have jurisdiction because the statute of limitations for the February 2000 aggravated rape had expired when the superseding indictment was issued on January 21, 2016. As this court explained in the Petitioner's direct appeal, the Petitioner was timely indicted in February 2015. *Habeas corpus* "proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction." *Gant v. State*, 507 S.W.2d 133, 137

5

(Tenn. Crim. App. 1973) (citations omitted). Accordingly, we conclude that the Petitioner's argument is without merit and that this issue has already been fully litigated. .

The Petitioner also asserts that the *habeas* court improperly denied his petition without requiring the State to respond first, making findings of fact, or conducting an evidentiary hearing. As stated earlier, when a petition for writ of *habeas corpus* does not demonstrate that the judgment is void, the *habeas* court may properly dismiss the petition without a hearing. T.C.A. §29-21-103. As such, the *habeas* court was not required to make findings of fact pursuant to Tennessee Rule of Civil Procedure 52.01, hold a hearing, or require the State to respond. The Petitioner is not entitled to relief.

Accordingly, we conclude that this court has previously determined the issue of timeliness of the indictment and that the Petitioner has not shown by a preponderance of the evidence that his judgment is void or that his sentence has expired.

### III. Conclusion

For the foregoing reasons, the judgment of the *habeas* court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE

6